[Crim. No. 2592. Third Dist. Apr. 20, 1955.]

THE PEOPLE, Respondent, v. ARTHUR J. SPRING, Appellant.

John E. Nelson for Appellant.

Edmund G. Brown, Attorney General, and G. A. Strader, Deputy Attorney General, for Respondent.

SCHOTTKY, J.—Appellant and his codefendant, Steve Vernon Rhinehart, were charged by information with the crime of robbery and also with the crime of assault by means of force likely to produce great bodily injury. The jury found them guilty on both counts, appellant's motion for a new trial w ; denied, and appellant has appealed from the judgment of conviction and the order denying his motion for a new trial.

The only ground urged by appellant for a reversal of the judgment and order is that the evidence is insufficient to support his conviction. Before discussing this contention we deem it appropriate to quote the following language of our Supreme Court in *People* v. *Newland,* 15 Cal.2d 678, at 681 [104 P.2d 778] :

"The court on appeal 'will not attempt to determine the weight of the evidence, but will decide only whether upon the face of the evidence it can be held that sufficient facts could not have been found by the jury to warrant the inference of guilt. For it is the function of the jury in the first instance, and of the trial court after verdict, to determine what facts are established by the evidence, and before the verdict of the jury, which has been approved by the trial court, can be set aside on appeal upon the ground' of insufficiency of the evidence, 'it must be made clearly to appear that upon no hypothesis whatever is there sufficient substantial evidence to support the conclusion reached in the court below. The determination of a charge in a criminal case involves proof of two distinct propositions: First, that the offense charged was committed, and second, that it was perpetrated by the person or persons accused thereof. . . . We must assume in favor of the verdict the existence of every fact which the jury could have reasonably deduced from the

evidence, and then determine whether such facts are sufficient to support the verdict.' If the circumstances reasonably justify the verdict of the jury, the opinion of the reviewing court that those circumstances might also reasonably be reconciled with the innocence of the defendant will not warrant interference with the determination of the jury. [Citing cases.] ''

Bearing in mind this familiar rule we shall give a brief summary of the evidence.

On June 2, 1954, Mr. Leslie Hutson, the victim of the robbery and assault, came to the town of Willits, Mendocino County, for the purpose of purchasing redwood logs for his business. He was accompanied by a friend, one John Templeton. During the afternoon of June 2d Mr. Hutson and Mr. Templeton went to a bar in Willits. While there, Mr. Hutson became engaged in conversation with the appellant, Arthur J. Spring, and one Steve Rhinehart. During the course of the conversation either appellant or Rhinehart stated to Mr. Hutson that they knew where he could purchase the type of logs he was looking for. Mr. Hutson's companion, Mr. Templeton, left the bar and did not return. Mr. Hutson then left in the company of appellant and Rhinehart. The three of them drove to a bar known as the Shangri La, located about 7 or 8 miles from Willits. The three went into the bar and each obtained a bottle of beer. They took the bottles of beer with them and drove a short distance to a point where they turned off the road. The three men alighted from the car and walked up a hill and after going a short way Mr. Hutson became winded and sat down on a log. Mr. Hutson asked, ''How much further is it up to where that stuff is?'' One of the men replied, ''Just a little ways,'' and at that moment Mr. Hutson received a blow on the back of his head, a second blow followed, and he was pushed off the log. Appellant then jerked Mr. Hutson's belt off, tore his shirt and took the money out of his pants pocket, a railroad watch and a jackknife. Rhinehart removed the money from his shirt pocket, consisting of approximately $290. During all of this time the victim, Mr. Hutson, was conscious and begged his assailants not to beat him any more.

Immediately after appellant and Rhinehart left, Mr. Hutson passed out and remained unconscious for an indefinite period. When he awoke, it was still daylight. He managed to reach the road, where he flagged down a car, and was taken to the Willits police station where he reported the incident.

Mr. Hutson testified at the trial and positively identified both appellant and Rhinehart, and Mrs. Harvey, the owner of the Shangri La, testified that appellant was one of the two men who were in her bar with Hutson and purchased the beer, and that all three men left together.

Appellant testified in his own behalf and denied that he left Willits on the afternoon or evening in question or that he was one of the two men who assaulted and robbed Hutson. Defendant Rhinehart was the only other defense witness and he testified that appellant was not one of the men who left the bar in Willits with Hutson and himself.

█ Appellant attacks the evidence as being insufficient in that it does not adequately identify appellant as one who participated in the assault and robbery. He points to various discrepancies in the testimony of the People's witnesses and to conflicts in the testimony of various witnesses. He argues that the testimony of Hutson and of Mrs. Harvey should be disregarded as unworthy of belief.

There is no merit in these contentions of appellant. There was nothing inherently improbable in the testimony of Hutson or Mrs. Harvey and their credibility and the weight to be given to their testimony were matters for the determination of the jury. The record shows that appellant's counsel made a vigorous argument to the jury and pointed out all of these asserted discrepancies, and we must assume that the jury considered the weight of the identification and other testimony. No doubt the same argument was made to the trial court upon appellant's motion for a new trial. Appellant's arguments were properly addressed to the jury and the trial court but are unavailing on appeal as we cannot say that the record fails to support the conclusion of the jury that appellant was one of the two men who assaulted and robbed Hutson.

The judgment and order are affirmed.

Van Dyke, P. J., and Peek, J., concurred.